UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DARRIN LAPINE,

        Plaintiff,

Case No. 1:18-cv-102

v.

Honorable Janet T. Neff

CORIZON INC. et al.,

        Defendants.
_____/

## OPINION DISMISSING CLAIMS FOR MISJOINDER AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed without prejudice for misjoinder with respect to Defendants Mathews and Houtz.

**Factual Background**

Plaintiff Darrin LaPine is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Central Michigan Correctional Facility in St Louis, Michigan. The events of which he complains, however, occurred while Plaintiff was incarcerated at the Lakeland Correctional Facility (LCF) in Coldwater, Michigan, between April 7, 2014, and September 17, 2014.

This lawsuit follows-up a virtually identical suit filed by Plaintiff in this Court on August 23, 2017, *LaPine v. Johnson et al.*, No. 1:17-cv-768 (W.D. Mich.) (*LaPine I*), and dismissed by the undersigned on November 15, 2017. (*LaPine I*, Ord. & J., ECF No. 10, 11.)

In *LaPine I*, Plaintiff made the same allegations as he makes in this suit; however, *LaPine I* included two additional defendants, Corrections Officers F. Johnson and Unknown VanOpynen, and several counts alleged against those two defendants. Defendants Johnson and VanOpynen, and the counts alleged against them, have been omitted from this suit, even though all of the factual allegations regarding those Defendants remain. In *LaPine I*, the undersigned concluded that Plaintiff's claims against Defendants Johnson and VanOpynen were not properly joined with the other claims against the other Defendants. Accordingly, the other claims against the other Defendants were dismissed without prejudice. Petitioner now raises those claims in this action, except he has also eliminated Defendants MDOC and Prison Health Services.[1]

On May 22, 2014, about a month after his arrival at LCF, Plaintiff's wrist brace was taken during a shakedown. Plaintiff claims that Defendant Doctor Victor Dominguez, and

---

[1] Plaintiff references Prison Health Services in his factual allegations and in several counts, but he does not include them as a defendants in his case caption.

other medical staff, were notified of the loss, but were deliberately indifferent to Plaintiff's serious medical need.

Plaintiff alleges that he experienced severe pain in his back, neck, hips, legs, knees, and wrist, while he was at LCF. He submitted numerous health care requests. Plaintiff claims his medical records establish the need for back surgery and a wrist brace, but several Defendants, including Dr. Dominguez and Health Unit Manager Pamella Friess, were deliberately indifferent to those serious medical needs. Plaintiff claims that Dr. Dominguez was also deliberately indifferent to Plaintiff's lip sores. Plaintiff claims other Defendants, including Defendant Dr. Jeffrey Stieve, and Defendant Subrina Aiken, were also deliberately indifferent to his serious medical needs. Plaintiff claims that the deliberate indifference to his serious medical needs follows from policies adopted and enforced by Corizon.

On August 26, 2014, Plaintiff alleges that Defendant Sergeant A. Mathews placed Plaintiff in a cage in the control center, with no toilet or water access for several hours. Plaintiff contends that the conditions in the cage violated his Eighth Amendment rights and that Defendant Mathews caged Plaintiff in retaliation for Plaintiff's exercise of his First Amendment rights.

Plaintiff complains that Unit C-3 had excessive lighting and inadequate ventilation. He complained to Defendant ARUS Amy Houtz, to no avail. Plaintiff claims he suffered severe headaches and could not breathe. Plaintiff filed a grievance against Defendant Houtz on September 2, 2014. Defendant Houtz called Plaintiff into her office on September 10, 2014, and threatened Plaintiff if he did not sign off on the grievances. Plaintiff refused. Plaintiff claims he was transferred to the Adrian Correctional Facility on September 17, 2014, for exercising his First Amendment rights.

Plaintiff alleges that he has filed grievances regarding all of the conduct of which he complains. He states that the earliest grievance was not exhausted until October 24, 2014, and that all other grievances were not exhausted until 2015. Accordingly, Plaintiff contends, his claims are timely.

**Discussion**

I. Misjoinder

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure Civil § 1655 (3d ed. 2001), *quoted in Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), and *Garcia v. Munoz*, No. 08-1648, 2007 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778. When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (quoting *Nali v. Michigan Dep't of Corrections*, 2007 WL 4465247, at *3 (E.D. Mich. December 18, 2007)).

Permitting the improper joinder in a prisoner civil rights action also undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004). Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997). The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the

dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding *in forma pauperis*, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

The Seventh Circuit has explained that a prisoner like Plaintiff may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]—defendant suit produce[s] but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .
>
> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168-69 (3rd Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA); *Tuft v. Texas,* 397 F. App'x 59, 61 (5th Cir. 2010) ("In addition, 'the creative joinder of actions' by prisoner plaintiffs to avoid the strictures of the Prison Litigation Reform Act of 1995 . . . should be discouraged."); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) ("We doubt that Congress intended that § 1915(g) could be so facilely circumvented by the creative joinder of actions."); *Shephard v. Edwards*, 2001 WL 1681145, at *1 (S.D. Ohio Aug. 30, 2001) (declining to consolidate prisoner's unrelated various actions so as

to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule).

Plaintiff's first allegations against the Defendants named in this complaint concern Dr. Dominguez's deliberate indifference to Plaintiff's serious medical needs relating to his wrist. Plaintiff also alleges that Dr. Dominguez has been deliberately indifferent to Plaintiff's serious medical needs relating to his back. Plaintiff alleges that during the same relevant time period Defendants Corizon, Stieve, Friess, and Aiken were, either with or in addition to Defendant Dominguez, deliberately indifferent to Plaintiff's serious medical needs relating to Plaintiff's wrist and back. The claims claims against Defendants Dominguez, Corizon, Stieve, Friess, and Aiken are related and properly joined.

The same is not true, however, for Plaintiff's claims against Defendants Mathews and Houtz. They are distinct in time, place, and participants from Plaintiff's claims against the healthcare Defendants and, thus, are not properly joined to those claims.

Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action." Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *Carney v. Treadeau*, No. 07-cv-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682

(6th Cir. 1988) ("Parties may be dropped . . . by order of the court . . . of its own initiative at any stage of the action and on such terms as are just."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV, Inc.*, 467 F.3d at 845. Such gratuitous harm exists if the dismissal results in the party's loss of the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846-47; *Michaels Building Co.*, 848 F.2d at 682.

In this case, Plaintiff brings causes of action under 42 U.S.C. § 1983. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Furthermore, "Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice." *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003). Moreover, the statute of limitations is tolled for the period during which a plaintiff's available state remedies were being exhausted. *See Brown v. Morgan*, 209 F.3d 595, 596-97 (6th Cir. 2000). Plaintiff claims his state remedies were not exhausted with respect to his claims against Defendants Mathews and Houtz until 2015.

Based on Plaintiff's allegations, it appears he has weeks or months before the statute of limitations would expire as to any of those claims. Those claims are not at risk of being time-barred. Plaintiff therefore will not suffer gratuitous harm if the improperly joined Defendants are dismissed. Accordingly, the Court will exercise its discretion under Rule 21 and dismiss, for misjoinder, Plaintiff's claims against Defendants Mathews and Houtz, without prejudice to the institution of new, separate lawsuits by Plaintiff against those Defendants.[2] *See Coughlin*, 130 F.3d at 1350 ("'In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs'"); *Carney*, 2008 WL 485204, at *3 (same).

The Court concludes Plaintiff has adequately stated claims against the remaining Defendants for deliberate indifference to his serious medical needs. Accordingly, the Court will order service of the complaint upon Defendants Corizon, Dominguez, Stieve, Friess, and Aiken.

Dated: February 14, 2018            /s/ Janet T. Neff
           JANET T. NEFF
           United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

---

[2] Plaintiff is cautioned that he must limit all future actions to Defendants who are transactionally related to one another. A warning also offered in *LaPine I* but ignored when Plaintiff joined the claim against Defendant Houtz and the claim against Defendant Mathews to his claims against the healthcare Defendants.