UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE,

    Plaintiff,

v.

CORIZON INC., et al.,

    Defendants.

_____/

Case No. 1:18-cv-102

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 in January 2018. Many of Plaintiff's claims were dismissed on screening in February 2018, and the Complaint was ordered to be served on Defendants Corizon Inc. (Corizon), Dominguez, Stieve, Friess, and Aiken, who moved for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) on May 31, 2019, recommending that this Court grant Defendants' motions and close this case. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. Plaintiff also moves for reconsideration of the Court's screening decision. The Court denies the motion for reconsideration, denies the objections, and issues this Opinion and Order.

In its February 2018 Opinion and Order, this Court determined that Plaintiff's claims against Defendants Mathews and Houtz were "distinct in time, place, and participants from

Plaintiff's claims against the healthcare Defendants and, thus, are not properly joined to those claims" (2/14/18 Op. & Order, ECF No. 4 at PageID.57). On April 15, 2019, Plaintiff moved for reconsideration of this Court's February 2018 Opinion and Order (ECF No. 47), requesting this Court "join to this action again Defendant's [sic] Mathews and Houtz" (*id.* at PageID.467). Plaintiff's motion is filed more than one year after the issuance of this Court's decision. Moreover, Plaintiff has not demonstrated a palpable defect by which the Court or the parties were misled, or that a different disposition must result. *See* W.D. Mich. LCivR 7.5(a) (setting forth the grounds for motions for reconsideration). For these reasons, Plaintiff's motion is properly denied.

Plaintiff delineates seven objections to the Magistrate Judge's May 31, 2019 Report and Recommendation. First, Plaintiff asserts that "the R&R is incorrect, the pleadings were not properly reviewed, not referenced, the facts were not properly applied, and the case not properly construed" (Pl. Objs., ECF No. 59 at PageID.578). Similarly, in his seventh objection, Plaintiff asserts, in one sentence, that "[a]ll the pleadings Plaintiff filed, and the evidence presented provided, defeat summary judgment and the R&R should be rejected" (*id.* at Page.580).

Plaintiff's first and seventh objections are properly denied. Asserting that the Report and Recommendation is "incorrect" is too broad an assertion to constitute a valid objection to the Magistrate Judge's analyses of Defendants' motions. *See* W.D. Mich. LCivR 72.3(b); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general). Plaintiff's mere disagreement with, and overly general objections to, the Magistrate Judge's Report and Recommendation do not warrant its rejection. In any event, the Court notes that Plaintiff's assertion is belied by the fact that the Magistrate Judge summarized the relevant allegations in Plaintiff's Complaint, properly stated the standard for reviewing motions

for summary judgment, and referenced the evidence that Plaintiff submitted in opposition to the motions for summary judgment.

In his second objection, Plaintiff argues that his April 8, 2019 affidavits "specifically addressed the grievances Plaintiff filed, that were not responded to by Grievance Coordinator Tina Stepp" (Pl. Objs., ECF No. 59 at PageID.578). Similarly, in his third objection, Plaintiff argues that the grievances "were not properly evaluated" (*id.* at PageID.579). In his fifth objection, Plaintiff points out that Stepp did not provide any affidavit "about her refusal to process at least 6 grievances" (*id.*). In his sixth objection, Plaintiff asserts, in one sentence without reference to the Report and Recommendation, that "[w]hen a properly filed grievance is not timely responded to, the remedies are exhausted" (*id.* at PageID.580).

Plaintiff's second, third, fifth and sixth objections are properly denied. Plaintiff's arguments and accompanying affidavits were part of his responses to Defendants' motions for summary judgment (ECF Nos. 42-43, 48, 50). The Magistrate Judge thoroughly examined the fifteen grievances that Plaintiff pursued, concluding that "with the exception of Plaintiff's claim that Defendant Friess improperly rescinded his wrist brace accommodation, Plaintiff has failed to establish that there exists any factual dispute as to whether he has properly exhausted his claims against [] Defendants [Stieve, Friess or Aiken]" (R&R, ECF No. 58 at PageID.570-575). The Magistrate Judge concluded that while there was a factual dispute as to whether Plaintiff exhausted his claim that Defendant Friess improperly rescinded his wrist brace accommodation, there was no factual dispute precluding summary judgment in Friess' favor on the merits of the claim (*id.* at PageID.575-576). Plaintiff does not address—let alone demonstrate error in—the Magistrate Judge's alternative merits-based analysis. In sum, Plaintiff's second, third, fifth and sixth

3

objections fail to demonstrate any error in the Magistrate Judge's ultimate conclusion that Defendants Stieve, Aiken and Friess are entitled to judgment as a matter of law in their favor.

Last, in his fourth objection, Plaintiff asserts, in one sentence, that grievance LCF 14-06-734-12il exhausted his claim as to Defendant Dominguez, "not just RN Friess, as the Magistrate states" (Pl. Objs., ECF No. 59 at PageID.579; R&R, ECF No. 58 at PageID.573). However, as Defendant Dominguez points out in response (ECF No. 60 at PageID.587), Plaintiff's fourth objection is misplaced inasmuch as Defendant Dominguez did not move for summary judgment based on exhaustion but on the merits of Plaintiff's claim against him. Plaintiff's fourth objection is therefore properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. As this Opinion and Order resolves the last pending claims in this case, a Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 59) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 58) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motions for Summary Judgment (ECF Nos. 36 & 44) are GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 47) is DENIED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated:  September 30, 2019                    /s/ Janet T. Neff
                                             JANET T. NEFF
                                             United States District Judge